O

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 14-0370-DOC (ANx)            Date: August 27, 2014

Title: UNITED STATES V. TWO STURM-RUGER MODEL M77 RIFLES, AND ONE SAVAGE MODEL 111 RIFLE

PRESENT:        THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [8]**

Before the Court is Plaintiff United States of America's Motion for Default Judgment Against the Interests of Hector Cervantes, Norma Perez, and All Other Potential Claimants ("Motion") (Dkt. 8). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons explained below, the Court GRANTS the Motion.

## I. BACKGROUND

### A. Factual Background

In October 2012, a California Fish and Game officer observed Hector Cervantes carrying a Sturm-Ruger rifle in Casper's Regional Park in San Juan Capistrano, where hunting is prohibited. Mr. Cervantes admitted that he and his friend were hunting, although they believed that they were in Cleveland National Forest, where it was legal to hunt. The officer cited both men for violation of California Fish and Game Section 2016 (hunter trespass) and a ranger issued written warnings to them for firearm possession and hunting in a county park. *Id.* ¶¶ 27-32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0370-DOC (ANx)                                      Date: August 27, 2014

                                                                                                                       Page 2

       In October 2013, in a separate incident, U.S. Immigration and Customs Enforcement ("ICE") agents conducted a search of Mr. Cervantes's and Norma Perez's residence with Ms. Perez's consent. During the search, they found the three Defendant firearms along with two other firearms, ammunition, and casings. Compl. ¶ 24. Mr. Cervantes and Ms. Perez initially claimed that two of the firearms belonged to Mr. Cervantes and three belonged to Ms. Perez. *Id.* ¶ 18. Later, they claimed that all of the firearms belonged to Ms. Perez. *Id.* ¶ 22. None of the firearms were registered either to Mr. Cervantes or Ms. Perez. *Id.* ¶ 25. All five firearms were taken by an Orange County Sheriff's Department deputy for safekeeping. *Id.* ¶ 26.

       On February 19, 2014, a jury found Mr. Cervantes guilty of 18 U.S.C. § 922(g)(5)(A) (unlawfully present alien, knowingly possessed firearm in and affecting interstate and foreign commerce) and 18 U.S.C. § 1326(a) (illegal re-entry of previously removed alien) based on the October 2013 incident and additional information about Mr. Cervantes's immigration history, which included an order of removal and prior removal from the United States. *See id.* ¶ 10, 35. Mr. Cervantes had several previous convictions as well, including convictions for inflicting corporal injury on a spouse/cohabitant in May 1996 and December 1997. *Id.* ¶ 34.

       Plaintiff alleges based on these facts that the Defendant firearms were involved in violations of 18 U.S.C. § 922(g)(5) (unlawful for any alien illegally or unlawfully in the United States to ship or transport in interstate or foreign commerce, or to possess in or affecting commerce, any firearm or ammunition; or to receive any firearms or ammunition which has been shipped or transported in interstate or foreign commerce) and § 922(g)(9) (unlawful for any person, convicted in any court of a misdemeanor domestic violence crime, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearms or ammunition which has been shipped or transported in interstate or foreign commerce). Plaintiffs allege that defendants are subject to forfeiture pursuant to 18 U.S.C. § 924(d), which subject to seizure and forfeiture any firearm "involved in or used in any knowing violation of [*inter alia*, § 922(g)]." *Id.* ¶ 36.

## B. Procedural History

       After the Government filed the Complaint, it executed process upon the Defendant firearms. Decl. of Steven R. Welk ("Welk Decl.") Ex. A. Notice of Civil Forfeiture was posted on an official government site, www.forfeiture.gov, for at least thirty consecutive days. *Id.* Ex. B.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0370-DOC (ANx)                                      Date: August 27, 2014

                                                                                                                   Page 3

On March 17, 2014, the Government sent notice and a copy of the complaint by certified mail to Mr. Cervantes at his last known address and at his attorney's address. *Id.* Ex. C, D. On March 25, 2014, the Government sent notice and a copy of the complaint to Mr. Cervantes at the Santa Ana Jail. *Id.* Ex. E. All three mailings were received and accepted, as indicated by the signed certified mail return receipts. *Id.*

On March 17, 2014, the Government sent notice and a copy of the complaint to Ms. Perez's last known address. Ms. Perez signed the certified mail receipt. *Id.* Ex. F.

On June 26, 2014, the Clerk of the Court entered default against the interests of Mr. Cervantes, Ms. Perez, and all other potential claimants. *Id.* Ex. G. On July 22, 2014, the Government filed this Motion. On the day after, the Government served Mr. Cervantes and Ms. Perez with the Motion by U.S. mail at their last known addresses. *Id.* ¶ 9. As of the date of this order, no claimant has appeared.

## II. LEGAL STANDARD

The decision to grant or deny a motion for default judgment is within the district court's discretion. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). After the clerk enters a default against the defendant, the factual allegations of the complaint, except those relating to damages, is taken as true. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). The district court considers seven factors when deciding whether to grant the motion: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

## III. ANALYSIS

Here, the Complaint alleges that Mr. Cervantes was previously convicted of two crimes of domestic violence. The Complaint does not specify whether the domestic violence convictions were felonies or misdemeanors. Since 18 U.S.C. § 922(g)(9) only applies to misdemeanor convictions for domestic violence, the Court is unable to determine whether the Defendant firearms are subject to forfeiture under § 924(d) through § 922(g)(9).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-0370-DOC (ANx)                                                   Date: August 27, 2014

Page 4

However, the Complaint also alleges Mr. Cervantes was convicted of possessing a firearm affecting interstate or foreign commerce while unlawfully present in the United States. Thus, the Defendant firearms are subject to forfeiture under § 924(d) through § 922(g)(5).

Given that the potential claimants have not responded despite being given notice of the complaint, the entry of default against them, and this Motion, the Court finds that it is unlikely that entry of default judgment will prejudice potential claimants or that their defaults were due to excusable neglect. *See id.*

Therefore, the Court finds that it is proper to enter default judgment against all potential claimants to the Defendant firearms.

## IV. DISPOSITION

For the reasons explained above, the Court GRANTS the Government's Motion for Default Judgment against Hector Cervantes-Torres, Norma Perez, and all other potential claimants to the Defendant firearms.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                            Initials of Deputy Clerk: jcb